IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Vimal S. P., et al., | § § § | |
| *Plaintiffs,* | § § § | Civil Action No. 4:24-cv-04002 |
| v. | § § | |
| Merrick B. Garland, U.S. Dep't of Justice, et al., | § § § § | |
| *Defendants.* | § § | |

## MEMORANDUM AND ORDER

Defendants Merrick B. Garland; U.S. Department of Homeland Security ("DHS"); Alejandro Mayorkas, Secretary of DHS; U.S. Department of Justice; U.S. Citizenship and Immigration Services ("USCIS"); Ur M. Jaddou, Director of USCIS; Laura B. Zuchowski, Director of USCIS, Vermont Service Center; Loren K. Miller, Director of USCIS, Nebraska Center (collectively, "the Government"), filed a motion under Fed. R. Civ. P. 12(b)(1) and (b)(6) to dismiss all claims brought by more than twenty individuals ("Plaintiffs") who complain that the Government has wrongfully failed to adjudicate their requests for certain immigration benefits. Dkt. 11. After carefully considering the motion, Dkt. 11, Plaintiffs' response, Dkt. 13, the Government's reply, Dkt. 16, the pleadings, and the applicable law, the Court grants the Government's motion.

## Background

This case involves applications for U Nonimmigrant Status ("U visas") under the Immigration and Nationality Act ("INA").

### A. Framework for U visa applications

In 2000, Congress passed the Victims of Trafficking and Violence Protection Act "to create a new nonimmigrant visa classification that will strengthen the ability of law enforcement agencies to detect, investigate, and prosecute" certain crimes while offering protections to the noncitizen victims. Pub. L. No. 106-386, § 1513(a)(2)(A), 114 Stat. 1464, 1533 (2000). Under the INA, Congress delegated the administration of the U visa program to the Department of Homeland Security ("DHS"). *See* 8 U.S.C. § 1101(a)(15)(U)(i); 8 U.S.C. § 1103. DHS promulgated regulations that vest the United States Citizenship and Immigration Services ("USCIS") with "sole jurisdiction over all" U visa petitions. 8 C.F.R. § 214.14(c)(1).

To qualify for a U visa, the Secretary of Homeland Security must determine that the applicant has met 8 U.S.C. § 1101(a)(15)(U)(i)'s requirements, including that they are a victim of a qualifying criminal activity, under subsection (iii). The statute also allows some of the principal applicant's family members to receive derivative U nonimmigrant status, depending on the applicant's age. *Id.* § 1101(a)(15)(U)(ii).

The INA imposes a cap of 10,000 principal U visas that may be issued each year, not including derivative family members. 8 U.S.C. § 1184(p)(2)(A). Because this cap is routinely reached,[1] USCIS implemented regulations requiring that "[a]ll eligible petitioners who, due solely to the cap, are not granted U–1 nonimmigrant status," be placed on a waiting list. 8 C.F.R. § 214.14(d)(2). Petitioners and qualifying family members on the waiting list will be granted deferred action or parole and are eligible for employment authorization. USCIS, Policy Manual, Vol. 3, Part C, Ch. 6, https://perma.cc/ED3B-J2AB (hereinafter "*Policy Manual*")

In a 2008 amendment to the INA, Congress authorized the Secretary to "grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." 8 U.S.C. §1184(p)(6). The U visa program now involves "three distinct adjudicative processes": (1) the bona fide determination ("BFD") process; (2) waiting list adjudication; and (3) final adjudication. *Policy Manual*, Vol. 3, Part C, Ch. 4, https://perma.cc/3GM6-JM4K.

---

[1] USCIS has met the statutory cap every year from 2011 to 2023. USCIS, Number of Form I-918, Petition for U Nonimmigrant Status by Fiscal Year, Quarter, and Case Status, Fiscal Years 2009-2023, https://perma.cc/XG66-NQLE. The statutory cap for 2025 was met on September 9, 2025. USCIS, I-918, Petition for U Nonimmigrant Status, https://perma.cc/7XFD-2RKG (last visited 9/22/2025).

Under the BFD process, USCIS conducts a review to determine whether a pending U visa petition is "bona fide." *Policy Manual*, Vol. 3, Part C, Ch. 5, https://perma.cc/4HE2-63QC. If a petition is determined to be bona fide, the applicant may receive an employment authorization document ("Employment Authorization") and deferred action. *Id*. Petitions of noncitizens who were granted BFD Employment Authorizations generally bypass the waiting list and move forward to final adjudication. *Id*. Petitioners who do not receive a BFD Employment Authorization will receive a waiting list adjudication. *Id*.

**B.     Plaintiffs' claims**

Plaintiffs are noncitizen victims of a qualifying criminal activity or family members of such victims. Dkt. 4 at 27. They submitted petitions for U visas and applied for interim work authorizations. *Id*. at 27-28. Plaintiffs allege that, despite their eligibility and adherence to application requirements, USCIS has not issued a BFD for any of their petitions. *Id*. at 28.

Plaintiffs filed this suit under the Administrative Procedures Act ("APA") and the Mandamus Act to compel Defendants to adjudicate their BFDs or, alternatively, to place them on the U visa waiting list. Dkt. 4 at 30. The Government filed a motion to dismiss or, alternatively, to sever and dismiss. Dkt. 11. Plaintiffs responded to the motion, Dkt. 13, and the Government filed a reply, Dkt. 16. The motion is ripe for resolution.

## Legal Standard

A.  **Rule 12(b)(1)**

"Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Id.* at 287. The plaintiff bears the burden to establish that subject-matter jurisdiction exists. *Id.* at 286.

B.  **Rule 12(b)(6)**

Dismissal under Rule 12(b)(6) is warranted if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

5

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (footnotes omitted). When resolving a Rule 12(b)(6) motion, the court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quotation omitted).

## Analysis

The Government's motion to dismiss challenges both this Court's jurisdiction to grant relief and the merits of Plaintiffs' claims under the Administrative Procedures Act, 5 U.S.C. §§ 555(b) and 706 and the Mandamus Act, 28 U.S.C. § 1361.

Regarding the APA claims, the Government contends that (1) this Court lacks jurisdiction to review Plaintiffs' unreasonable delay claims about the BFDs and Employment Authorizations, Dkt. 11 at 8-9, 15, (2) certain Plaintiffs' claims are moot and should be dismissed, Dkt. 11 at 15, which Plaintiffs do not oppose, Dkt. 13 at 8, (3) and Plaintiffs lack Article III standing, Dkt. 11 at 20. In response, Plaintiffs maintain that their APA claims are not barred from review, Dkt. 13 at 8, 28, and that they have standing, Dkt. 13 at 28-29. The

Court finds that it cannot review USCIS's alleged delays adjudicating BFDs or applications for Employment Authorizations. But the Court concludes that it has jurisdiction over some of Plaintiffs' claims seeking waiting list placement, including because those Plaintiffs have standing to complain of the delay.

On the merits, the Government argues that Plaintiffs have no plausible basis for relief. Dkt. 16 at 3. Plaintiffs maintain that USCIS unlawfully withheld action and that the delay is unreasonable under *Telecomm. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 79–80 (D.C. Cir. 1984) ("*TRAC*"). Dkt. 13 at 19, 21. Recent Fifth Circuit authority, however, confirms that Plaintiffs cannot show that any delays are unreasonable.

As for the mandamus claims, the Government mounts parallel jurisdictional and merits-related arguments for dismissal. Dkt. 11 at 21-22. The Court finds that the same defects that foreclose Plaintiffs' APA claims defeat their requests for mandamus relief.[2]

### I. Plaintiffs' APA claims are barred, either for lack of jurisdiction or on the merits.

#### A. Plaintiffs' APA claims implicate 5 U.S.C. § 706(1) only.

The complaint invokes both 5 U.S.C. §§ 706(1) and 706(2). Dkt. 4. The Government suggests that Plaintiffs' claims are more appropriately

---

[2] Because the foregoing conclusions resolve all claims, the Court declines to reach the Government's further contention that certain Plaintiffs' claims are improperly joined. *See* Dkt. 11 at 22.

7

characterized as falling under Section 706(1), rather than Section 706(2). *See* Dkt. 11 at 14. The Court agrees.

Under Section 706(1), courts can "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). In contrast, Section 706(2) authorizes courts to "hold unlawful and set aside agency action, findings, and conclusions found to be … arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* § 706(2).

This suit complains that the Government *failed to act* on Plaintiffs' petitions. "'A failure to act,' which triggers Section 706(1) review, 'is not the same thing as a denial' triggering 706(2) review." *Jackson v. United States Dep't of Hous. & Urb. Dev.*, 2020 WL 10895446, at *6 (S.D. Tex. May 18, 2020) (quotation omitted). There is no basis for relief under Section 706(2), and Plaintiffs do not show otherwise. Their claims premised on APA § 706(2) are dismissed.

### B. Subject-matter jurisdiction over APA § 706(1) claims

#### 1. <u>This Court cannot review the APA claims about the BFDs and Employment Authorizations.</u>

The Government contends that this Court lacks subject-matter jurisdiction to review USCIS's alleged delay on BFD/Employment Authorization decisions, invoking 8 U.S.C. § 1252(a)(2)(B)(ii). Dkt. 11 at 8-9,

8

15. Plaintiffs dispute that contention but offer no supporting authority from within the Fifth Circuit. *See* Dkt. 13 at 9; *see also id.* at 28.

Section 706 of the APA does not apply where "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(1), (2). In the mine-run APA case, whether agency action is discretionary versus mandatory is classified as a merits question, rather than a jurisdictional issue. *See Fort Bend Cnty. v. United States Army Corps of Eng'rs*, 59 F.4th 180, 192 (5th Cir. 2023). But for immigration cases, 8 U.S.C. § 1252(a)(2)(B)(ii) explicitly "strips courts of jurisdiction to review '*any* other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be *in the discretion of* the Attorney General or the Secretary of Homeland Security ....'" *D'Cruz v. U.S. Citizenship & Immigr. Servs.*, 2024 WL 4523307, at *3 (S.D. Tex. Oct. 9, 2024) (quoting 8 U.S.C. § 1252(a)(2)(B)(ii)) (emphasis added). Section 1252(a)(2)(B)(ii) therefore makes agency discretion indispensable to the jurisdictional inquiry. *See Bouarfa v. Mayorkas*, 604 U.S. 6, 10-11 (2024) (noting, in the immigration context, that "properly identifying the mandatory or discretionary nature of a particular agency decision can be critical, precisely because that status has implications for whether the agency's decision can be challenged in court"); *see also Hernandez v. Jaddou*, 2025 WL 2264604, at *2 (S.D. Tex. Apr. 3, 2025) (hereinafter "*J. Hernandez*").

The relevant INA provision provides that "[t]he Secretary *may* grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under section 1101(a)(15)(U) of this title." 8 U.S.C. § 1184(p)(6) (emphasis added). "[T]he word 'may' *clearly* connotes discretion." *Bouarfa*, 604 U.S. at 13 (quotation omitted). Because the Employment Authorization decision is purely discretionary, Section 1252(a)(2)(B)(ii) makes clear that this Court has no jurisdiction to review it under the APA. *See, e.g.*, *D'Cruz*, 2024 WL 4523307, at *4 (reaching this conclusion).

Section 1252(a)(2)(B)(ii) also divests this Court's jurisdiction to review BFDs. The Supreme Court construed a parallel provision of Section 1252(a)(2)(B) to divest federal courts of discretion to review not only the specified discretionary grants of relief, "but also any judgment *relating to* the granting of relief." *Patel v. Garland*, 596 U.S. 328, 339 (2022) (analyzing Section 1252(a)(2)(B)(i)). And the Fifth Circuit has extended *Patel*'s reasoning to subsection 1252(a)(2)(B)(ii), construing its use of the word "any" to preclude judicial review of policies that are practically related to discretionary determinations. *See Cheejati v. Blinken*, 106 F.4th 388, 393-94 (5th Cir. 2024) (barring judicial review of policies that are "practical applications of the discretion afforded the Attorney General in [8 U.S.C.] § 1255(a)"), *cert. denied*, 145 S. Ct. 1126 (2025). Applied here, that same provision precludes judicial review of BFDs, which are a predicate to discretionary Employment

10

Authorizations. *See Hernandez v. Jaddou*, 2025 WL 819657, at *5 (S.D. Tex. Mar. 6, 2025) (concluding that BFDs, issuance of deferred action, and issuance of Employment Authorizations "amount to a practical application of the Secretary's discretionary authority under section 1184(p)(6) and are unreviewable"); *accord D'Cruz*, 2024 WL 4523307, at *4.

Plaintiffs counter that "the APA mandates that agencies must act within a reasonable timeframe on matters under their purview." Dkt. 4 at 19 (citing 5 U.S.C. § 555(b)). The cited provision directs agencies to "conclude a matter presented to it … within a reasonable time." 5 U.S.C. § 555(b). But this Court has already found that "[r]egardless of whether APA Section 555(b) is discretionary … this Court does not have subject-matter jurisdiction because 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review." *D'Cruz*, 2024 WL 4523307, at *3. Plaintiffs offer no principled reason to revisit that conclusion.

This Court lacks jurisdiction to compel adjudication of BFDs or applications for Employment Authorization. Those claims are dismissed.

        2.    <u>This Court has jurisdiction over some Plaintiffs' APA claims about waiting list placement.</u>

As an alternative claim, Plaintiffs ask that the Government be directed to place them on the U visa waiting list in accordance with 8 C.F.R. § 214.14(d)(2). Dkt. 4 at 28-30. For the reasons below, the Government is correct that the claims of Plaintiffs who received BFD/Employment

11

Authorization determinations are moot. This Court does, however, have jurisdiction over the other Plaintiffs' claims for waiting list placement.

          a.    *Claims of Plaintiffs who received BFD/Employment Authorization determinations are dismissed as moot.*

The Government argues that "certain Plaintiffs' claims are moot" because they "have already been granted BFD and [Employment Authorization] adjudications" before the motion to dismiss was filed. Dkt. 11 at 15. Plaintiffs admit that some of them "have obtained relief" and "do not oppose [the Government's] alternative motion to sever and dismiss" those Plaintiffs' claims. Dkt. 13 at 13, 8.

Most evidently, Plaintiffs whose BFD and Employment Authorizations were resolved can no longer complain about delays. *Li v. Jaddou*, 2023 WL 3431237, at *1 n.1 (5th Cir. May 12, 2023) (per curiam) (deeming non-justiciable the unreasonable delay claims of plaintiffs whose applications had been adjudicated). But those Plaintiffs also cannot complain about waiting-list placement because "USCIS generally does not conduct waiting list adjudications for aliens" who received BFD and Employment Authorizations. *Policy Manual*, Vol. 3, Part C, Ch. 5, https://perma.cc/4HE2-63QC. Those Plaintiffs' claims are dismissed as moot.

> b. *This Court has jurisdiction to review other Plaintiffs' APA claims for waiting list placement.*

For the remaining Plaintiffs, their APA claim requests that the Government be compelled to place eligible Plaintiffs on the waiting list, citing 8 C.F.R. § 214.14(d)(2). Dkt. 4 at 28-30; Dkt. 13 at 11, 21. The regulation states that "[a]ll eligible petitioners who, due solely to the cap, are not granted U–1 nonimmigrant status *must be placed* on a waiting list and receive written notice of such placement." 8 C.F.R. § 214.14(d)(2) (emphasis added).

Earlier this year, another judge of this Court concluded that "USCIS' determination of Plaintiffs' eligibility for placement on the U-Visa Waitlist and subsequent grant of deferred action or parole is mandatory and thus reviewable." *J. Hernandez*, 2025 WL 2264604, at *2 (denying Rule 12(b)(1) motion to dismiss claims about waiting list eligibility); *see also, e.g.*, *M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 597 (W.D. Tex. 2019) (denying motion to dismiss unreasonable delay claims for lack of jurisdiction because "Defendants fail to explain how [8 C.F.R. § 214.14(d)(2)] is not mandatory"), *adopted by* 2020 WL 10056215 (W.D. Tex. Jan. 24, 2020). The reasoning in *J. Hernandez* is sound, and this Court adopts it. Because USCIS has a non-discretionary duty to place eligible petitioners on the U visa waiting list, 8 U.S.C. § 1252(a)(2)(B)(ii) does not preclude judicial review.

As a separate jurisdictional challenge, the Government asserts that Plaintiffs lack standing because they have not shown that placing them on a waiting list would grant them a "tangible benefit or remedy their alleged harm." Dkt. 11 at 20. The Court is not persuaded.

To have standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). In this case, Plaintiffs' alleged injury is "the indefinite delay itself ...." Dkt. 13 at 29. They argue that this injury is likely to be redressed by compelling the USCIS to place eligible petitioners on the waiting list because this relief would "eliminate the uncertainty that imposes significant hardship on Plaintiffs ...." *Id.* at 29.

The *J. Hernandez* decision supports Plaintiffs' view. There, this Court found that plaintiffs had standing to compel adjudication of their eligibility for waiting list placement. *See J. Hernandez*, 2025 WL 2264604, at *3. As the decision explains, "[a] plaintiff suffers a 'constitutionally cognizable injury by the loss of an opportunity to pursue a benefit ... even though the plaintiff may be unable to show that it was certain to receive" the benefit he seeks. *Id.* (quoting *Ecosystem Inv., Partners v. Crosby Dredging, L.L.C.*, 729 F. App'x 287, 292 (5th Cir. 2018)). That rationale "includes the opportunity to receive immigration benefits." *Id.* Finding no principled basis to deviate from *J.*

14

*Hernandez*, this Court concludes that Plaintiffs have standing to challenge the delayed determination of their eligibility for the U-visa waiting list.

### C.  Plaintiffs fail to state a claim for unlawful withholding or unreasonable delay of waiting list placements.

Turning to the merits, the Government contends that Plaintiffs have no plausible basis for recovery on their remaining APA claims. *See* Dkt. 16 at 3. As explained below, the Court agrees with the Government that Plaintiffs have not stated a cognizable APA claim premised on the unlawful withholding of any benefit. The Government is also correct that Plaintiffs cannot demonstrate that any delay in placing them on the waiting list is unreasonable. All APA claims are therefore dismissed.

#### 1.  Nothing suggests that the Government unlawfully withheld an action it was required to take.

While courts do not always distinguish between "unlawfully withheld" and "unreasonable delay" claims, Plaintiffs plead both theories. Dkt. 13 at 19. "An 'unlawfully withheld' claim is distinct from the analysis for an 'unreasonable delay' claim." *Topuz v. Daum*, 2024 WL 4282091, at *5 (S.D. Tex. Sept. 24, 2024). "[T]he distinction between agency action 'unlawfully withheld' and 'unreasonably delayed' turns on whether Congress imposed a date-certain deadline on agency action. Thus, there are only grounds for an 'unlawfully withheld' claim where there is a 'statutorily imposed absolute deadline.'" *Id.* (quoting *Forest Guardians v. Babbitt*, 174 F.3d 1178, 1190 (10th

15

Cir. 1999)). In contrast, complaints about an agency's failure to act "within a reasonable time" under 5 U.S.C. § 555(b), are subject to an "unreasonable delay" analysis. *See Forest*, 174 F.3d at 1190.

Plaintiffs do not identify a statutory deadline for waiting list placement, so they are "precluded from [their] 'unlawfully withheld' argument as a matter of law." *Topuz*, 2024 WL 4282091, at *5. Their APA claims are actionable, if at all, only as complaints about unreasonable delay.

2. Plaintiffs cannot show an unreasonable delay.

As for Plaintiffs' unreasonable delay claim, their allegations do not substantiate an actionable delay under Section 706(1) of the APA. "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (hereinafter "*SUWA*"). The operative regulation requires the USCIS to place eligible petitioners on a waiting list. *See* 8 C.F.R. § 214.14(d)(2). But nothing requires the USCIS to take this action within a particular timeframe.

Plaintiffs cite 8 U.S.C. § 1571(b) to support their argument that the alleged delay is "unreasonable."[3] Dkt. 13 at 21. But the Fifth Circuit has

---

[3] Section 1571(b) states that "[i]t is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application …." 8 U.S.C. § 1571(b).

16

rejected this contention, characterizing Section 1571(b)'s 180-day processing period as merely an "aspirational goal" without a "clear mandate" requiring USCIS to act by a specific deadline.  *Li*, 2023 WL 3431237, at *1; *see also D'Cruz*, 2024 WL 4523307, at *2 ("INA Section 1571(b) is not a required agency action under the [*SUWA*] standard and cannot confer jurisdiction over Plaintiff's claims.").  Section 1571(b) does not supply a deadline for USCIS to act on Plaintiffs' waiting list determinations.

Moreover, mere reliance on a regulation that requires an agency to take some action is not enough to show that delayed action is unreasonable.  This is reflected in *Cheejati*, where the Fifth Circuit rejected an analogous APA claim because the regulation, despite specifying that an applicant "'*shall* be notified of [an adjustment of status] decision,' ... does not establish a time period during which the [adjustment of status] applications must be adjudicated."  106 F.4th at 396 (quoting 8 C.F.R. § 245.2(a)).

Like the adjustment-of-status regulation addressed in *Cheejati*, nothing in 8 C.F.R. § 214.14(d)(2) requires USCIS to adjudicate U-visa waiting list eligibility "differently than it is currently adjudicating them."  *See* 106 F.4th at 396.  There is no mandate requiring USCIS "to act within six months, or even within a year."  *See id.* (quoting *Li*, 2023 WL 3431237, at *1).  Without a specific deadline within which USCIS had to act, Plaintiffs' unreasonable delay claim under APA § 706(1) fails, as a matter of law.

17

The Fifth Circuit's *Cheejati* decision also renders it unnecessary to address the D.C. Circuit's multi-factor test in *TRAC* for evaluating the unreasonableness of delay. *Cheetaji* held—categorically, and in a published opinion—that the absence of a deadline for USCIS action forecloses an APA § 706(1) unreasonable delay claim. *See* 106 F.4th at 395. *Cheejati*'s reasoning compels dismissal of Plaintiffs' analogous APA claim.

## II. <u>Mandamus relief is unavailable.</u>

The foregoing conclusions materially impact Plaintiffs' alternative claim for mandamus relief, which seeks an order compelling the Government to determine their eligibility for placement on the U visa waiting list. *See* Dkt. 4 at 30. The Mandamus Act provides district courts with "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

On the threshold jurisdictional question, there is no meaningful distinction between the Mandamus Act and the APA claims. *See Atay v. United States Citizenship & Immigr. Servs.*, 2025 WL 1457083, at *3 (S.D. Tex. Apr. 25, 2025), *adopted by* 2025 WL 1456795 (S.D. Tex. May 20, 2025); *see also, e.g.*, *J. Hernandez*, 2025 WL 2264604, at *2. For the reasons explained above, this Court has jurisdiction over claims to compel adjudication of waiting-list

eligibility, but only for those plaintiffs who have not received BFDs or Employment Authorizations. *See supra* Part I.B.2.

But the lack of a mandate requiring USCIS to act on Plaintiffs' waiting-list eligibility within a specific timeframe is fatal to their mandamus claim. To obtain mandamus relief, Plaintiffs "must show that (1) [they have] a clear right to relief, (2) USCIS officials have a clear duty to act, and (3) no other adequate remedy exists." *Mendoza-Tarango v. Flores*, 982 F.3d 395, 400 (5th Cir. 2020) (internal quotation marks omitted). These requirements overlap with Plaintiffs' APA unreasonable-delay claim. *See Sawan v. Chertoff*, 589 F. Supp. 2d 817, 826 (S.D. Tex. 2008) (explaining that a plaintiff "who seeks relief for immigration delays under the Mandamus Act and the APA must make essentially the same showing for both claims").

Because there is no explicit deadline by which the USCIS must place eligible petitioners on a waiting list, Plaintiffs cannot show that USCIS violated a clear duty to act. *Cf. Atay*, 2025 WL 1457083, at *4 (no basis for mandamus relief compelling USCIS to adjudicate plaintiff's asylum application where USCIS "had no duty to act on a particular timeline"). And even if Plaintiffs could show that such a duty exists, mandamus relief would still be foreclosed because the APA would supply an adequate remedy. *See Sawan*, 589 F. Supp. 2d at 825; *see also M.J.L.*, 420 F. Supp. 3d at 598. Either way, the mandamus claim is barred.

## Conclusion

For the foregoing reasons, it is **ORDERED** that the motion to dismiss (Dkt. 11) filed by Defendants Merrick B. Garland, United States Attorney General, *et al.* be **GRANTED**, as follows:

- all claims asserted by plaintiffs who have obtained bona fide determinations or Employment Authorizations are **DISMISSED** as moot; and

- for the remaining plaintiffs,

    - their APA claims related to bona fide determinations or Employment Authorizations are **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1);

    - their APA claims and Mandamus Act claims about waiting-list placement are **DISMISSED WITH PREJUDICE** under Rule 12(b)(6).

To properly parse which plaintiffs' claims should be dismissed with or without prejudice in the final judgment, it is **ORDERED** that the parties must, by **October 3, 2025**, <u>jointly</u> submit a list with the names of those plaintiffs who obtained BFDs or Employment Authorization determinations.

Signed on September 26, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge